# UNITED STATES DISTRICT COURT
for the
Western District of Washington

___ FILED ___ LODGED
___ RECEIVED
DEC 10 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
1990 black Geo Metro bearing license plate BFC5774

Case No. MJ19-5257

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
1990 black Geo Metro bearing license plate BFC5774

located in the ___Western___ District of ___Washington___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1708, | Mail Theft |
| 21 U.S.C § 841 | Possession and Distribution of Controlled Substances |

The application is based on these facts:
✔ See Affidavit of Kevin Buckley, continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☐ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Kevin Buckley, US Park Ranger
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: 12/10/2019

*Judge's signature*

City and state: Tacoma, Washington

Theresa Fricke, United States Magistrate Judge
*Printed name and title*

USAO No. 2019R01200

| | |
|---|---|
| 1 | STATE OF WASHINGTON ) |
| 2 | ) ss |
| | COUNTY OF CLALLAM ) |
| 3 | |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Kevin Buckley, a U.S. Park Ranger with the National Park Service, having been duly sworn, state as follows:

### AFFIANT BACKGROUND

1. I have served as a law enforcement officer for the past 12 years for the National Park Service (NPS), United States Department of the Interior. I have been stationed as the Hurricane Ridge Ranger in Olympic National Park and within the Western District of Washington for the past 10 months. I successfully completed course work and graduated from Amherst Law Enforcement Academy in 2006 and the Federal Law Enforcement Training Center (FLETC) in 2013. Additionally I have completed numerous law enforcement training courses involving hundreds of hours of classroom work and practical exercise for the NPS. I have attended and completed an NPS 40 hour law enforcement refresher training every year since 2006. This affidavit is based upon my personal knowledge, as well as information from other law enforcement officers.

### INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

2. The purpose of this affidavit is to seek a search warrant to authorize me or other law enforcement officers to search a vehicle suspected of containing stolen property, stolen mail, and illegal drugs, in violation of Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Sections 1708, (mail theft) and 1028A (aggravated identity theft).

### SUMMARY OF PROBABLE CAUSE

3. As a result of my duties I am familiar with the jurisdictional boundaries of the Olympic National Park, Washington. The incident described below occurred within these jurisdictional boundaries, an area within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7.

AFFIDAVIT OF KEVIN BUCKLEY- 1

4. On December 07, 2019 at approximately 5:05 p.m., I was on uniformed patrol of Hurricane Ridge Rd in the Hurricane Ridge sub-district near mile marker 4. I observed a Green Geo Metro and Black Geo Metro parked in a marked pull-out in the same space parked rear bumper to rear bumper.

5. This location is a known hang out or meeting area for transients, drug users, sex and, other illicit activity. My initial impression of the scene was mobile transients preparing to illegally camp overnight in the pull-out, which is a violation of NPS regulations. I drove into the pull-out from the south end and observed a male and female in the black Geo Metro and fogged windows in the green Geo Metro. As I positioned my vehicle so the headlights illuminated the area I saw the occupants of the black Geo Metro begin to move around in the vehicle. I parked my marked patrol vehicle and did not activate my overhead emergency lights as I wanted to make a consensual contact. I notified Olympic Dispatch of my location and contact.

6. I exited my vehicle and as I walked toward the black Geo Metro I observed a red portable generator sitting in the front passenger seat. Given the high theft activity in the surrounding Port Angeles area, I became suspicious that possible possession/sale/transfer of stolen goods may be occurring.

7. The male occupant exited the driver side of the vehicle, later identified as Brian P. MARSH, as I approached. Upon questioning, MARSH stated he was meeting his friend, the driver of the green Geo Metro, to have him look at the generator. The driver of the green Geo Metro was later identified as Robertson L. WALKER. The female occupant of the black Geo Metro was later identified as Crystal K. COFFMAN.

8. A visual inspection of the green GEO Metro revealed no occupants in the vehicle. Upon questioning MARSH he stated WALKER had walked down the hill for an unknown reason and did not know when he would be back. I attempted to briefly locate WALKER in the surrounding area and announced my presence with no response. MARSH stated that the generator was his and that he had picked it up from his Dad's

house and was taking it over to COFFMAN's house. The location of this contact is not on the way from MARSH's residence to COFFMAN's residence.

9. Upon WALKER's return from a wooded trail, I asked WALKER why he was in the pull-out. WALKER stated he was looking for a package he had left there the previous day and made no mention of meeting his friends that were present. When asked, WALKER initially denied meeting MARSH to get anything from him. MARSH prompted WALKER about the generator at which time WALKER agreed that he was there to look at the generator. During my conversation with MARSH and WALKER, COFFMAN spontaneously stated that MARSH was there to trade the generator.

10. I asked for identification of all three subjects and only WALKER was able to present an identification. MARSH and COFFMAN initially provided false names. I called for assistance from Ranger Dan Hall and was notified that he was in the Lake Crescent area of the park and would take a while to drive to my location. I then requested assistance from the Port Angeles Police Department due to the developing situation.

11. At approximately 5:25 p.m. while I was running the subjects' name and date of birth through Olympic Dispatch, Port Angeles Police Officer Mike Johnson arrived on scene. He immediately recognized MARSH from previous interactions, his correct name, and informed me that MARSH had an outstanding local warrant for his arrest. Officer Johnson additionally identified COFFMAN's correct name from previous interactions and informed me that she had an outstanding Department of Corrections warrant for her arrest. Officer Johnson, through the course of the investigation, informed me that MARSH is a known thief and COFFMAN a known heroin user.

12. MARSH and COFFMAN were subsequently arrested for their outstanding warrants which were confirmed as valid through the Peninsula Communications.

13. Upon searching MARSH's person, in a search incident to arrest, I located a folded piece of tin foil in his pants pocket that I immediately recognized as paraphernalia commonly used for smoking illicit drugs or prescription medication. Officer Johnson was able to obtain from COFFMAN that syringes were present in the vehicle.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. Based on the presence of syringes in the black Geo Metro and tin foil consistent with smoking illicit drugs located on MARSH's person, I had probable cause to believe the black Geo Metro contained drugs in violation of 36 CFR 2.35(b)(2) - possession of controlled substances.

15. Upon searching the vehicle with the assistance of Ranger Dan Hall who had arrived on scene, I located multiple syringes in the vehicle containing a dark red/brown substance consistent with heroin in two locations within the vehicle. While searching the vehicle for drugs, Ranger Buckley observed multiple pieces of mail, financial documents, credit cards, debit cards and signed and unsigned checks not bearing MARSH's or COFFMAN's name.

16. Given the adverse weather conditions as it was raining and lightly snowing, I completed the drug search and seized the vehicle due to evidence of property theft.

17. On December 9, 2019, while continuing to investigate the property seized from the black Geo Metro, I was able to confirm that the generator was stolen property. I had sent an email to the "All Clallam" email which connects multiple police agencies on the Olympic Peninsula and provides the ability to exchange information. Clallam Sheriff's Deputy Dixon had taken a burglary report on November 18, 2019, in which a red generator had been stolen. Deputy Dixon was able to obtain the serial number in the course of his investigation. The serial number obtained by Deputy Dixon matches the serial number of the generator I seized from the black GEO Metro.

## CONCLUSION

For the reasons stated above, I request a search warrant for a 1990 black Geo Metro bearing license plate BFC5774 out of Washington that is currently being held at Evergreen Towing impound lot in Port Angles, Washington. The physical address is, 820 E Front St. Ste A, Port Angeles, Washington 98362. I believe that ther eis probable cause that evidence of the crimes of drug possession and distribution, in violation of Title 21, United States Code, Sections 841(a)(1), and of violations of Title 18, United States Code,

Sections 1708, (mail theft) and 1028A (aggravated identity theft) will be found in the vehicle, including, but not limited to: drugs, identifications, credit cards, debit cards and other financial statements not registered to or belong to COFFMAN or MARSH.

*[signature]*
Kevin Buckley, Affiant
Park Ranger, National Park Service

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit on this 10th day of December.

*[signature]*
THE HONORABLE THERESA L. FRICKE
United States Magistrate Judge

AFFIDAVIT OF KEVIN BUCKLEY- 5